UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS J. INGRASSIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV2033 CEJ |
| | ) | |
| DARREN SHEETS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, a civil detainee at Sexual Offender Rehabilitation Treatment Services ("SORTS"), for leave to commence this action without payment of the required filing fee [Doc. #2]. The Court finds that plaintiff does not have sufficient funds to pay the filing fee and will grant plaintiff's motion to proceed in forma pauperis. See 28 U.S.C. § 1915. Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action against four SORTS transport officers pursuant to 42 U.S.C. § 1983, claiming violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that defendants Darren Sheets, David Easter, Gary Bennett and Richard Watkins---all of whom are employees of the Missouri Department of Mental Health---used excessive force and acted with deliberate indifference when they placed him in handcuffs that were too tight and refused to loosen them even after plaintiff told defendants he was suffering pain and numbness in his hands and wrists.  Plaintiff asserts that the pain in his wrists lasted "over one month," and the "numbness in his hand and wrist lasted over three months" and that

he continues to have numbness in his hand and wrist "over eight months later." Plaintiff seeks monetary and injunctive relief.

The Court finds that plaintiff has asserted non-frivolous claims that survive review under § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint pursuant to the waiver agreement the Court has with the Missouri Department of Mental Health.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 1st day of December, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE